UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Charles Edward Erdman,            Civil File No.:   13cv2982 (DWF/SER)

        Plaintiff,

v.            **REPORT AND RECOMMENDATION**

Jeff Hanson,
Thor Howe,
Jason Haider,
Agent Phil Windschitl,
Agent Matt Wayne,
Agent Casey Smith,
Agent Dan Bianconi,
Agent Bryan Schowalter,
Agent Jeremiah Simonson,
Agent Jeff Thul,
Agent Tom Booth,
Agent John Decker,
Agent Cassie Redmond,
Agent Derek Schultz,
Agent Chris Roche,
Agent Blake Pederson, and
Agent John Larrive,

        Defendants.

---

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915.  (Docket No. 2.)   The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.   It is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff is an inmate at the Dakota County Jail and filed a complaint seeking relief under 42 U.S.C. § 1983.  (Docket No. 1.)  He did not pay any filing fee for this action, but instead submitted the application for IFP status that is now before the Court.

1

Because Plaintiff is a prisoner, (*see* 28 U.S.C. § 1915(h)), his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, *inter alia*, that Plaintiff is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $19.50.

By order dated November 20, 2013, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $19.50 within twenty days. Plaintiff was also directed to file an affidavit providing certain additional information regarding his financial circumstances. The Court's order expressly advised Plaintiff that if he did not pay his initial partial filing fee, and submit the required affidavit, within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that the case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

That deadline has now expired and Plaintiff did not pay any filing fee, and did not submit any affidavit. Plaintiff also has not offered any excuse for his failure to comply with the Court's prior order. Indeed, Plaintiff has not communicated with the Court at all since he commenced this action. Therefore, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See In re Smith*, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); *Amick v. Ashlock*, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); *Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370

U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending IFP application be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED AS MOOT**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   January 13, 2014                         *s/Steven E Rau*
                                                  Steven E. Rau
                                                  U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 27, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.